UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Gregory Ryan Brown, | ) | C/A No. 6:24-cv-4782-JDA-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Robert William Van Pelt, *Detective*; | ) | |
| Laurens City Police Department, | ) | |
| | ) | |
| Defendants. | ) | |

Gregory Ryan Brown ("Plaintiff"), proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights. ECF No. 1. Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. For the reasons explained below, the Laurens City Police Department is subject to summary dismissal from this action. The action remains pending against Defendant Robert William Van Pelt ("Detective Van Pelt").[1]

**BACKGROUND**

Plaintiff commenced this civil rights action alleging Defendants violated his constitutional rights by filing a Complaint on the appropriate standard form. ECF No. 1. Plaintiff is a pretrial

---

[1] An Order authorizing service of the Complaint on Detective Van Pelt is entered concurrently with this Report and Recommendation.

1

detainee and is currently incarcerated at the Laurens County Detention Center in Laurens, South Carolina (the "Detention Center").[2]  *Id*. at 2, 4.

Plaintiff makes the following allegations in his Complaint.  ECF No. 1.  He alleges that Defendants violated his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.  *Id.* at 4.  He contends Defendants falsely accused and falsely arrested him.  *Id.* at 5.  Plaintiff alleges that on December 28, 2023, Detective Van Pelt and the Laurens Police Department "swarmed [him] while walking down" the street.  *Id.*  They were looking for drugs that Plaintiff did not have and, when they did not find any, they took him to jail and charged him with conspiracy.  *Id.* at 6.  He alleges that on February 15, 2024, they dropped the charges as nolle prossed.  *Id.*  For his injuries, Plaintiff contends he suffered lost wages for fifty days, embarrassment, slander, and defamation.  *Id.*  For his relief, Plaintiff seeks damages in the amount of $100,000 and for Defendant Van Pelt "to be fired."  *Id.*

A review of the Laurens County Public Index shows that Plaintiff was charged with conspiracy and that the charge was dismissed as nolle presequi on February 15, 2024, at case number 2023A3020400854.[3]  *See* Laurens County Eighth Judicial Circuit Public Index, available

---

[2] Plaintiff was arrested on July 3, 2024, and charged in the Laurens County Court of General Sessions with trafficking in methamphetamine or cocaine base at case number 2024A3010100457.  *See* Laurens County Eighth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Laurens/PublicIndex/PISearch.aspx (search by case number "2024A3010100457") (last visited Oct. 9, 2024).  Plaintiff is presently detained in the Detention Center on that drug charge, which appears unrelated to the charge Plaintiff complains of in this action.

[3] The Court may take judicial notice of Plaintiff's state court records.  **Error! Main Document Only.***See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

at https://publicindex.sccourts.org/Laurens/PublicIndex/PISearch.aspx (search by case number "2023A3020400854") (last visited Oct. 9, 2024). As noted, Plaintiff is presently incarcerated on other drug charges.

Having reviewed the Complaint, the undersigned concludes that service of process should be authorized as to Detective Van Pelt. Plaintiff has alleged sufficient facts to state a claim for malicious prosecution to survive initial review.[4] However, the Laurens City Police Department is subject to dismissal for the reasons below.

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a

---

[4] To establish a claim for malicious prosecution, a plaintiff must allege that "'the defendant . . . seized plaintiff pursuant to legal process that was not supported by probable cause'" and "'the criminal proceedings . . . terminated in plaintiff's favor.'" *Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014) (quoting *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012)). As to the favorable termination element, the United States Supreme Court recently explained that

> a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction.

*Thompson v. Clark*, 596 U.S. 36, 49 (2022). Here, Plaintiff has alleged facts to state a claim for malicious prosecution to survive initial review. However, the Court's conclusion does not mean that Plaintiff will ultimately prevail on his malicious prosecution claim. For example, Defendants may be able to show that the criminal charge was nolle prossed as part of a plea agreement or for some other reasons that would indicate the charge was not terminated in Plaintiff's favor. Such facts and evidence are not presently before the Court, and an evaluation at this stage of these proceedings requires the Court to accept as true the allegations in the Complaint.

prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleadings remain subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), nor should the Court construct Plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). And, the Court cannot "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

This action is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S.

137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff sues the Laurens City Police Department. Plaintiff's Complaint does not allege an unconstitutional policy, practice, or custom by the Laurens City Police Department. A municipality or other local government entity may only be held liable under 42 U.S.C. § 1983 "where the constitutionally offensive actions of [ ] employees are taken in furtherance of some municipal 'policy or custom.'" *See Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984) (*citing Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *see also Wolf v. Fauquier Cnty. Bd. of Supervisors*, 555 F.3d 311, 321 (4th Cir. 2009) ("A county may be found liable under 42 U.S.C. § 1983 [but] only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury.'") (*citing Monell*, 436 U.S. at 694). Plaintiff fails to identify any governmental policy or custom that caused his constitutional rights to be allegedly violated. Evidence of a single incident is insufficient to give rise to municipal liability under § 1983. *S. Holdings, Inc. v. Horry Cnty., S.C.*, C/A No. 4:02-cv-1859-RBH, 2007 WL 896111, at *2 (D.S.C. Mar. 21, 2007). At most, Plaintiff attributes to the Laurens City Police Department, in a conclusory fashion, the alleged wrongful acts of one of its detectives, which does not state a claim as to the Laurens City Police Department. *See Hensley v. Horry Cnty. Police Dep't*, No. C/A 4:19-cv-602-RBH-KDW, 2019 WL 9667697, at *3 (D.S.C. Dec. 17, 2019), *R&R adopted by* 2020 WL 2537452 (D.S.C. May 19,

2020). Further, the Laurens City Police Department is subject to summary dismissal because it is not a person amendable to suit for § 1983 purposes. *See von Fox v. Charleston City Police Dep't*, C/A No. 2:16-cv-98-RMG-MGB, 2016 WL 8677189, at *4 (D.S.C. Feb. 12, 2016), *R&R adopted sub nom.*, 2016 WL 927154 (D.S.C. Mar. 7, 2016), *dismissed sub nom.* 668 F. App'x 442 (4th Cir. 2016) (collecting cases summarily dismissing police departments).

Accordingly, the Laurens City Police Department is entitled to summary dismissal as a Defendant from this § 1983 action. *Brown v. N. Charleston City Police Dep't*, C/A No. 2:23-cv-3863-RMG-TER, 2023 WL 5960788, at *2 (D.S.C. Aug. 16, 2023), *R&R adopted by* 2023 WL 5960243 (D.S.C. Sept. 13, 2023). Plaintiff's allegations against Defendant Robert William Van Pelt are sufficient to survive initial review and the Complaint will be served as to that Defendant.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the district court dismiss the Laurens City Police Department from this action. This action remains pending against Detective Van Pelt.

**IT IS SO RECOMMENDED**.

s/William S. Brown<br>
United States Magistrate Judge

October 10, 2024<br>
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).