UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Gregory Ryan Brown, | ) | C/A No. 6:24-cv-04782-JDA-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Robert William Van Pelt, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, a former[1] pretrial detainee proceeding *pro se* and *in forma pauperis*, alleges constitutional violations pursuant to 42 U.S.C. § 1983. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this United States Magistrate Judge is authorized to review all pretrial matters in cases filed under § 1983 and submit findings and recommendations to the district court. Before the Court is Defendant's Motion to Dismiss. ECF No. 40.

## BACKGROUND

During the relevant time period, Plaintiff was a pretrial detainee incarcerated at the Laurens County Detention Center ("LCDC") in Laurens, South Carolina. ECF No. 1 at 2. He alleges Defendant Robert William Van Pelt ("Defendant"), a detective with the Laurens City Police Department, falsely arrested him on drug conspiracy charges in violation of his Fourth, Eighth,

---

[1] On September 3, 2024, when Plaintiff initiated this lawsuit, he was a pretrial detainee. ECF No. 1 at 2. On December 2, 2024, Plaintiff filed a Notice of Change of Address. ECF No. 29.

1

and Fourteenth Amendment rights. *Id*. at 4-6.[2]  For his relief, Plaintiff seeks damages in the amount of $100,000 and for Defendant to be fired. *Id.* at 6.

On April 15, 2025, Defendant filed a Motion to Dismiss. ECF No. 40. On the same day, in an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment and motion to dismiss procedures and the possible consequences for failing to respond adequately. ECF No. 41. Plaintiff's response to Defendant's Motion was due by May 16, 2025. *Id.* Plaintiff did not file a response. On May 22, 2025, the Court filed an Order giving Plaintiff until June 11, 2025, to file a Response to Defendant's Motion. ECF No. 44. The Court advised Plaintiff as follows:

> Plaintiff is advised that if he fails to respond, the undersigned will rule on the pending motions before the Court and may recommend that the district court dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, and the dismissal would be considered an adjudication on the merits, i.e., *with prejudice*.

*Id*. at 1-2. To date, Plaintiff has not filed a substantive Response to Defendant's Motion.

## APPLICABLE LAW

**Standard of Review – Motion to Dismiss**

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Rule 8(a) sets forth a liberal pleading standard, which requires only a "short and plain statement of the claim showing the pleader is entitled to relief, in order to give the defendant fair notice of what ... the claim is and the grounds upon which

---

[2] The Laurens City Police Department was initially named as a Defendant, ECF No. 1 at 3, but dismissed as a party by the district court's Order adopting the undersigned's Report and Recommendation. ECF Nos. 21; 17.

2

it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted). "In assessing the sufficiency of a complaint, [the court] assume[s] as true all its well-pleaded facts and draw[s] all reasonable inferences in favor of the plaintiff." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

**Liberal Construction of *Pro Se* Complaint**

Plaintiff brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), nor should a court "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Section 1983**

Plaintiff's Complaint is filed pursuant to § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

**Federal Rule of Civil Procedure 41(b)**

Defendant's Motion to Dismiss, in part, seeks dismissal for Plaintiff's claims for failure to prosecute. ECF No. 40 at 1. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

In considering whether to dismiss an action pursuant to Rule 41(b), courts are required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (internal quotations marks omitted). These four factors "are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *Id*. at 95-96. "In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

Here, the factors weigh in favor of dismissal. Plaintiff is proceeding *pro se* and is personally responsible for his failure to comply with the Court's Orders. It is solely through Plaintiff's neglect, and not that of an attorney, that no response has been filed. Meanwhile, Defendant is left to wonder when the action will be resolved. Plaintiff was advised by the Court on October 10, 2024, as follows:

> You are ordered to always keep the Clerk of Court advised **in writing** (**250 East North Street, Suite 2300, Greenville, South Carolina 29601**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, **your case may be dismissed for violating this Order.** Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.

5

ECF No. 15 at 2-3.  On December 2, 2024, Plaintiff filed a Notice of Change of Address.  ECF No. 29.  Yet, on February 10, 2025, the Court received a mailing marked 'undeliverable' returned from this address.  ECF No. 39.  Plaintiff has not filed an updated Notice of Change of Address.  Plaintiff was warned on May 22, 2025, that failing to respond to Orders issued by the Court may result in the recommendation that the district court dismiss this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  ECF No. 44.  Despite almost two months, Plaintiff has not filed a substantive response to Defendant's Motion.

Furthermore, Defendant served discovery requests on November 13, 2024.  ECF No. 40-3.  Defendant served discovery requests again at the address provided in his Notice of Change of Address.  ECF No. 40-4.  Defendant noticed Plaintiff to appear for his deposition on February 3, 2025, but Plaintiff did not appear.  ECF No. 40-5.  Plaintiff has not responded to Defendant's attempts to conduct discovery.  Accordingly, the undersigned concludes that Plaintiff has abandoned this lawsuit and that no other reasonable action is available other than dismissal.  *See* Fed. R. Civ. P. 41(b).

### CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** the district court **GRANT** Defendant's Motion to Dismiss for failure to prosecute, ECF No. 40, and **DISMISS** this action pursuant to Rule 41(b).

**IT IS SO RECOMMENDED.**

s/William S. Brown<br>
United States Magistrate Judge

June 25, 2025
Greenville, South Carolina

*The attention of the parties is directed to the important notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>250 East North Street, Suite 2300
>Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).